UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL V. CAMUNAS,<br><br>        Petitioner,<br><br>v.<br><br>PEOPLE, Warden,<br><br>        Respondent. | Case No.: 16cv2866-AJB (AGS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On November 22, 2016, Petitioner, a state probationer proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis. (ECF Nos. 1-2.) On January 4, 2017, the Court granted Petitioner leave to proceed in forma pauperis but dismissed the Petition with leave to amend because Petitioner had failed to allege exhaustion of his state court remedies and had failed to name a proper Respondent. (ECF No. 3.) Petitioner has now filed a First Amended Petition. (ECF No. 4.) The First Amended Petition is subject to dismissal because, although Petitioner has now alleged exhaustion of his state court remedies, he has once again failed to name a proper Respondent.

As Petitioner was notified in this Court's January 4, 2017 Order of dismissal, he must name the state officer having custody of him as Respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996), citing Rule 2(a), 28 U.S.C. foll. § 2254. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.

1  Id.  In his original Petition, Petitioner named "People" as Respondent, and he was informed
2  in this Court's previous Order of dismissal that "People" was an improper respondent
3  because to the extent he refers to the People of the State of California he was instructed
4  that a long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ
5  of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in
6  custody.  The actual person who is [the] custodian [of the petitioner] must be the
7  respondent."  Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement
8  exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the
9  person who will produce "the body" if directed to do so by the Court.

10       Petitioner was instructed that if a "petitioner is on probation or parole, he may name
11  his probation or parole officer 'and the official in charge of the parole or probation agency,
12  or the state correctional agency, as appropriate.'"  Id., quoting Rule 2, 28 U.S.C. foll.
13  § 2254 advisory committee's note.  In some cases, a petitioner may name the state attorney
14  general.  Id.

15       In the First Amended Petition, Petitioner has once again incorrectly named "People"
16  as Respondent.  In order for this Court to entertain a Petition for a Writ of Habeas Corpus,
17  Petitioner must name the person who will produce "the body" if directed to do so by the
18  Court.  Because Petitioner is on probation, the proper respondents are his probation officer
19  and the official in charge of the probation agency.  See Ortiz-Sandoval, 81 F.3d at 894.

20       The Court **DISMISSES** the case without prejudice due to Petitioner's failure to
21  name a proper Respondent.  If Petitioner wishes to proceed with this case, he must submit,
22  **no later than May 15, 2017,** a Second Amended Petition which names a proper
23  Respondent.  The Clerk of Court shall send a blank Southern District of California amended
24  petition form to Petitioner along with a copy of this Order.

25       **IT IS SO ORDERED.**

26  Dated:  March 8, 2017

27                                            _____
                                              Hon. Anthony J. Battaglia
28                                            United States District Judge